UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | |
| v. | CASE NO. 1:02-CR-45-HAB |
| BRIAN MICHAEL HAWKINS, | |
| Defendant. | |

**OPINION AND ORDER**

The Court is in receipt of Defendant Brian Michael Hawkins's letter (ECF No. 32) in which he requests the Court expunge his 2002 conviction for making a false statement when purchasing a firearm. Hawkins pleaded guilty to the federal crime in December of 2002 and was sentenced to a term of 18 months' imprisonment, 2 years of supervised release, as well as a $100 special assessment. (ECF No. 26). As such, his case has been closed for over twenty years. Nevertheless, Hawkins writes in the hopes that his exemplary behavior over the last two decades since his release might warrant his conviction being expunged so that he might obtain a concealed pistol license and legally own a firearm.

While the Court congratulates Mr. Hawkins on his good behavior and accomplishments since his release, it is without power to expunge his record. Although the Seventh Circuit used to subscribe to the view "that a district court has inherent authority to reopen a criminal case to consider a request to expunge the judicial record based on an equitable balancing test that weighs the public and private interests at stake," the Court reversed course in 2017. *United States v. Wahi*, 850 F.3d 296, 298 (7th Cir. 2017). In *Wahi*, the court reasoned that because there was no statutory

grant of jurisdiction to expunge the judicial record of a criminal case on equitable grounds, and expungement decisions did not fit within a court's "ancillary" jurisdiction,[1] district courts are without power to make expungement decisions. *See id.* at 302–03.

In sum, while the Court is sympathetic to Hawkins's position, the Court simply lacks the power to expunge his federal criminal conviction. Accordingly, the Court DENIES the relief requested in Hawkins's letter. (ECF No. 32).

SO ORDERED on October 30, 2025.

s/Holly A. Brady
CHIEF JUDGE HOLLY A. BRADY
UNITED STATES DISTRICT COURT

---

[1] The Supreme Court restricted the areas in which courts could exercise ancillary jurisdiction (otherwise known as a court's "inherent power") in *Kokkonen v. Guardian Life Insurance Co. of America*, 511 U.S. 375 (1994). Per *Kokkonen*, ancillary jurisdiction is properly exercised only "(1) to permit disposition by a single court of claims that are, in varying respects and degrees, factually interdependent, and (2) to enable a court to function successfully, that is, to manage its proceedings, vindicate its authority, and effectuate its decrees." *Id.* at 379–80. The Seventh Circuit in *Wahi* found that neither circumstance applied in the context of expungements—expungements are not factually dependent on the underlying criminal case because "it will always turn on facts collateral to or arising after the case is over—in short, matters external to the criminal case itself," and the power to expunge is in no way "incidental to the court's ability to function successfully *as a court*." *Wahi*, 850 F.3d at 302.